Richard H. LEWIS, Edward A. Farris, John W. Crimmins, the Alcoholic Beverage Control Board of Kentucky, and the Kentucky Department of Alcoholic Beverage Control, Movants,

v.

KEN–PAD, INC., a Kentucky Corporation, Respondent.

Supreme Court of Kentucky.

Sept. 25, 1986.

Catherine C. Staib, Gen. Counsel, Alcoholic Beverage Control Bd., Frankfort, for movants.

Edwin Logan, Logan & Gaines, Frankfort, for respondent.

STEPHENSON, Justice.

The Alcoholic Beverage Control Board suspended the alcoholic beverage license of Ken-Pad for a period of fifteen days. The trial court affirmed the action of the Board. The Court of Appeals reversed. We granted discretionary review and reverse the Court of Appeals.

As a result of an undercover police investigation, several hostesses employed at Ken-Pad were arrested and convicted of soliciting and offering to engage in sexual conduct. For example, purchase of a bottle of inexpensive wine for $55 entitled the customer to certain sexual activity. The Board found that management knew or should have known of this activity, all of which violated KRS 244.120 and 804 KAR 5:060. The Court of Appeals determined that the record clearly established solicitation for sexual conduct on the premises of Ken-Pad and that this activity was part of the operation of the club or at least tacitly encouraged by management.

However, the Court of Appeals concluded that given this factual situation, there is no substantial evidence that Ken-Pad violated the provisions of KRS 244.120 which states:

(1) No person licensed to sell alcoholic beverages at retail shall cause, suffer, or permit the licensed premises to be disorderly.

(2) Acts which constitute disorderly premises consist of permitting patrons to cause public inconvenience, annoyance or alarm, or wantonly creating a risk through:

(a) Engaging in fighting or in violent, tumultuous or threatening behavior; or

(b) Making unreasonable noise; or

(c) Refusing to obey an official order to disperse issued to maintain public safety in dangerous proximity to a fire, hazard or other emergency; or

(d) Creating a hazardous or *physically offensive condition* by any act that serves no legitimate purpose. (Emphasis added.)

Holding that the statute could not be construed to prohibit solicitation for prostitution, the Court of Appeals then reasoned that there cannot be a violation of 804 KAR 5:060 for the reason that an administrative

regulation may be no broader than the statute upon which it is based.

804 KAR 5:060(1) states in part that: "No licensee shall knowingly or willfully allow ... lewd, immoral activities...."

The issue here is whether this state of facts constituted substantial evidence for violation of the statutory provisions of KRS 244.120. We are of the opinion that it does.

We are of the further opinion that 804 KAR 5:060 represents a reasonable interpretation of the powers and duties conferred by the statute. By any test, solicitation of prostitution constitutes "lewd, immoral activities."

We are of the opinion the Court of Appeals gave a too narrow construction to KRS 244.120.

The decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

STEPHENS, C.J., and GANT, LEIBSON, WHITE and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents and files a separate dissenting opinion.

VANCE, Justice, dissenting.

K.R.S. 244.120 prohibits persons licensed to sell alcoholic beverages from causing or permitting their premises to become disorderly. The acts which constitute disorderly premises were defined by the General Assembly and were limited to acts of *patrons* causing annoyances, public inconvenience, alarm, or wantonly causing risk through: (a) engaging in fighting or in violent, tumultous or threatening behavior; or (b) making unreasonable noise; or (c) refusing to obey an official order to disperse issued to maintain public safety in dangerous proximity to a fire, hazard or other emergency; or (d) creating a hazardous or physically offensive condition by any act that serves no legitimate purpose.

The acts which constitute disorderly premises were limited to the acts of patrons, not employees, and solicitation to prostitution was not included within the definition of "disorderly" premises.

When the General Assembly seeks to define terms, courts are required to accept that definition and to construe legislative acts in accordance with the definition declared by the General Assembly.

In my own mind, I would consider premises disorderly when operated as the evidence shows these premises have been operated. But the General Assembly did not see fit to classify the acts complained of here within its statutory definition of disorderly. The regulations adopted by the Alcoholic Beverage Control Board cannot exceed the limits of the statute.

I would affirm the decision of the Court of Appeals.